IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| WILLIAM ARMSTRONG | § | |
| | § | |
| V. | § | NO. 1:15-CV-104 |
| | § | |
| CAROLYN L. COLVIN, | § | |
| Commissioner of Social | § | |
| Security Administration | § | |

### ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to his application for disability-based benefits. The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the court affirm the Commissioner's decision.

The court considered the report and recommendation filed on July 24, 2015 (Doc. No. 14) and the Plaintiff's objections filed on August 10, 2015 (Doc. No. 16). A party who files timely written objections to a magistrate judge's report and recommendation is entitled to a *de novo* determination of those findings or recommendations to which the party specifically objects. 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); FED. R. CIV. P. 72(b)(2)-(3).

Armstrong stated in his objections that he is not educated on the rules of the court, did not fully understand the legal requirements, and was unaware of the strict time periods to appeal his case. (Doc. No. 16.) He also argued that obtaining his medical records caused additional delay in appealing. (Id.)

1

Armstrong does not deny receiving the notice of denial letter sent by the Appeals Council, so he was fully notified of (1) his right to file an appeal, (2) the deadline for doing so, and (3) his right to request more time to file an appeal. A claimant that misses the 60 day deadline to file a complaint with the District Court may request an extension of time from the Appeals Council or Commissioner upon making the requisite showing of good cause. Flores v. Sullivan, 945 F.2d 109, 113 (5th Cir. 1991); 20 C.F.R. § 422.210. In this case, there is no evidence that he made such a request to either one. Additionally, a claimant can, in appropriate situations, invoke the doctrine of equitable tolling. Id. The complaining party has the burden of demonstrating facts that justify equitable tolling. Wilson v. Secretary, Dep't of Veterans Affairs, 65 F.3d 402, 404 (5th Cir.1995). Equitable tolling is only done in rare cases. As such, "lack of knowledge of applicable filing deadlines, unfamiliarity with the legal process, lack of representation or ignorance of legal rights generally does not justify equitable tolling." Gibson v. Colvin, No. 3:13-CV-1575-B, 2013 WL 5797103, at *2 (N.D. Tex. Oct. 28, 2013), appeal dismissed (Dec. 15, 2014) (quoting Barrow v. New Orleans S.S. Ass'n, 932 F.2d 473, 478 (5th Cir.1991)).

There is no evidence that Armstrong sought and received from the Appeals Council an extension of time to file suit. In addition, Armstrong has failed to present any evidence meriting the application of equitable tolling. As the Fifth Circuit has noted "equity is not intended for those who sleep on their rights." Covey v. Arkansas River Co., 865 F.2d 660, 662 (5th Cir.1989). This is just not one of those rare cases "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." Bowen v. City of New York, 476 U.S. 467, 480 (1986). Armstrong failed to take either step on a timely basis, and there are no rare or exceptional facts presented that would permit the application of equitable tolling to excuse his

untimeliness. Therefore, after careful review, the court concludes that Armstrong's objections are without merit.

Accordingly, the court **ADOPTS** the magistrate judge's recommendation, **OVERRULES** the Plaintiff's objections, and **AFFIRMS** the Commissioner's denial of benefits. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **17** day of **August, 2015.**

_____
Ron Clark, United States District Judge